# IN THE COURT OF APPEALS OF IOWA

No. 24-1029
Filed August 21, 2024

**IN THE INTEREST OF L.H.,**
**Minor Child,**

**S.O., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Michael M. Lindeman of Lindeman Law, Cedar Rapids, for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Rebecca Williams, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Greer, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**MULLINS, Senior Judge.**

A father appeals the termination of his parental rights to his child, born in 2022.[1]  The juvenile court terminated his rights under Iowa Code section 232.116(1)(e) and (h) (2023).  In the father's sole issue heading in his petition on appeal, he submits the juvenile court erred in terminating his rights under those grounds.  But he only goes on to argue that the State failed to prove the child could not be returned to his custody at present, which only implicates the fourth element of section 232.116(1)(h).[2]  Because the father offers no substantive argument contesting termination under section 232.116(1)(e), we affirm under this ground as unchallenged.  *See, e.g.*, *In re Q.B.*, No. 23-2112, 2024 WL 707194, at *1 (Iowa Ct. App. Feb. 21, 2024) (affirming termination under paragraph (e) as an unchallenged ground because mother's claim that child could be returned to her custody did not implicate that ground for termination).

In any event, we also find the evidence clear and convincing that the child could not be returned to the father's custody at the present time and termination was therefore also proper under section 232.116(1)(h).  The father admitted to methamphetamine use at the beginning of the proceedings in January 2023, then he largely failed to appear for drug testing for the remainder of the proceedings despite being ordered to do so multiple times per month.  The one drug test he did

---

[1] The supreme court dismissed the mother's appeal for lack of jurisdiction because she filed a notice of appeal in the child-in-need-of-assistance proceeding but not the termination proceeding and did not timely file a petition on appeal.

[2] The father also mentions the grounds for termination in section 232.116(1)(f) and (*l*) and additionally references language used in section 232.116(1)(g).  But the juvenile court did not utilize any of those grounds in terminating his parental rights.

submit to in June was positive for methamphetamine, amphetamines, and marijuana metabolites. He failed to appear for any other drug tests through the time of the termination hearing in December. Since concerns remained for the father's substance use, the child could not have been returned to his custody at the time of the termination hearing. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (noting children cannot be placed "in the care of a meth addict—the hazards are too great" (citation omitted)). Furthermore, he never progressed beyond fully-supervised visits, which also prevented an immediate return of custody. *See, e.g.*, *In re C.N.*, No. 19-1861, 2020 WL 567283, at *1 (Iowa Ct. App. Feb. 5, 2020) ("[T]he mother failed to progress toward reunification over the life of this case. She never progressed to unsupervised visits or trial home visits. Without this necessary progression, we cannot say the children could have returned to the mother's care.").

From there, the father passively argues "termination is not in the child's best interests" because he "has a clear bond with" her "and loves her very much." But the father offers no substantive argument on how the best-interest factors in Iowa Code section 232.116(2) weigh against termination, and "[c]onsideration of the parent-child bond is not a part of our best-interests analysis." *In re E.S.*, No. 23-0590, 2023 WL 4104126, at *2 (Iowa Ct. App. June 21, 2023). Nor does his claim that he is bonded to and loves his daughter trigger application of the permissive exception to termination in section 232.116(3)(c), which applies when "termination would be detrimental *to the child* at the time due to the closeness of the parent-child relationship." (Emphasis added.) Furthermore, the father presented no evidence that the child would suffer physically, mentally, or

emotionally upon termination. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) ("[T]he parent resisting termination bears the burden to establish an exception.").

Last, to the extent the father argues he should have been granted additional time to work toward reunification, he has not enumerated what specific factors, conditions, or expected behavioral changes will alleviate the need for removal at the end of an extension. *See* Iowa Code § 232.104(2)(b). On this record, we cannot do so either and therefore conclude an extension of time is unwarranted.

Finding no cause for reversal, we affirm the termination of the father's parental rights.

**AFFIRMED.**